UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| MARK ROBERTS, | 04 CIV. 10079 (CSH) ECF Case |
| Plaintiff, | |
| -against- | NOTICE OF MOTION TO DISMISS <u>COMPLAINT</u> |
| NATHANIEL THOMAS KEITH, ADMINISTRATOR OF THE ESTATE OF NORMAN THOMAS KEITH, a.k.a TOMMY KEITH, MOE MOORE, SUGARHILL RECORDS, LTD., SUGAR HILL MUSIC PUBLISHING LTD., GAMBI MUSIC, INC., TWENTY NINE BLACK MUSIC, SYLVIA ROBINSON, JOSEPH ROBINSON, JR., RHINO RECORDS, SANCTUARY RECORDS GROUP, LTD., CASTEL MUSIC UK AND SEQUEL RECORDS, | |
| Defendants. | |

-----------------------------------------------------------------X

PLEASE TAKE NOTICE that upon the accompanying declaration of James P. Cinque sworn to January 14, 2005 and the complaint annexed thereto defendants Sugar Hill Records, Ltd., Sugar Hill Music Publishing, Ltd., Gambi Music, Inc., Twenty Nine Black Music, Sylvia Robinson and Joseph Robinson, Jr. will move this Court before the Honorable Charles G. Haight on February 14, 2005 at 9:30 a.m. or as soon thereafter as counsel may be heard at the United States Courthouse located at 500 Pearl Street, Courtroom 17-C, New York, New

York for an Order: (a) dismissing the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, upon the grounds that the claims asserted in the complaint are barred by the Statute of Limitations since the allegedly infringing song was released more than three years prior to the commencement of this action, and also because the moving defendants obtained a license to utilize the allegedly infringing song from a co-owner; (b) awarding the Moving Defendants their attorneys' fees pursuant to 17 U.S.C. §505; and (c) for other relief the Court deems just and proper.

  PLEASE TAKE FURTHER NOTICE that pursuant to Local Civil Rule 6.1 opposition papers, if any, shall be served within ten (10) business days after service of these moving papers.

DATED: NEW YORK, NEW YORK
    JANUARY 14, 2005

           CINQUE & CINQUE, P. C.

           By:_____/s/_____
            James P. Cinque (JPC-3673)
           Attorneys for Defendants Sugar Hill
           Records, Ltd., Sugar Hill Music
           Publishing, Ltd., Gambi Music, Inc.,
           Twenty Nine Black Music, Sylvia
           Robinson and Joseph Robinson, Jr.
           845 Third Avenue, Suite 1400
           New York, New York 10022
           Telephone No.: (212) 759-5515
           Telefax No.:  (212) 759-7737
           E-mail:    CINQUE845@aol.com

TO:   SULLIVAN & CROMWELL, LLP
      Attorneys for Plaintiff
      125 Broad Street
      New York, New York 10004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MARK ROBERTS,                                                              04 CIV. 10079
                                                                                         (CSH)
                                                                                         ECF Case
                                    Plaintiff,

   -against-
                                                                              DECLARATION
NATHANIEL THOMAS KEITH, ADMINISTRATOR         OF JAMES P.
OF THE ESTATE OF NORMAN THOMAS KEITH,           CINQUE IN
a.k.a TOMMY KEITH, MOE MOORE, SUGARHILL              SUPPORT
                                                                                     OF
RECORDS, LTD., SUGAR HILL MUSIC                          MOTION TO
PUBLISHING LTD., GAMBI MUSIC, INC.,                       DISMISS
TWENTY NINE BLACK MUSIC, SYLVIA
ROBINSON, JOSEPH ROBINSON, JR., RHINO
RECORDS, SANCTUARY RECORDS GROUP,
LTD., CASTEL MUSIC UK AND SEQUEL
RECORDS,

                                    Defendants.

-----------------------------------------------------------------X

       JAMES P. CINQUE hereby declares as follows:

       1.  I am a member of the bar of this Court and of Cinque & Cinque, P. C., attorneys for defendants Sugar Hill Records, Ltd., Sugar Hill Music Publishing, Ltd., Gambi Music, Inc., Twenty Nine Black Music, Sylvia Robinson and Joseph Robinson, Jr. (the "Moving Defendants").  I have knowledge of the facts set forth herein and submit this declaration in support of the Moving Defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

2. In the complaint in this action (Exhibit "A") plaintiff alleges that in 1976 and 1977 he "wrote lyrics" to a song entitled "Baby Let's Talk Now, Dance Later" (Complaint, ¶ 1).  Plaintiff alleges that he sent these lyrics to Norman Keith in 1978 (Complaint, ¶ 2) and that Mr. Keith added music and in 1980 persuaded a recording group known as "Ray, Goodman and Brown" to release the song for Sugar Hill Records under the title "Baby Let's Rap Now, Dance A Little Later" (the "Song") (Complaint, ¶ 11).  The Song was released in 1980 and subsequently re-released in 1997, 1999, 2000 and 2001 (Complaint, ¶ 12).  Plaintiff alleges that he "copyrighted his original lyrics" to the Song in 1998 (Complaint, ¶ 15), and does not allege that he composed the music to the Song.  The Moving Defendants allegedly released the Song in 1980, claiming ownership of the publishing rights through a grant from Mr. Keith, the composer of the music (Complaint, ¶¶ 11, 16 and 20).  Plaintiff has sued the Moving Defendants for copyright infringement, claiming that he is a co-author of the Song, and has requested a declaratory judgment to that effect (Complaint, WHEREFORE clause, ¶ 1).

3. As explained in the accompanying memorandum of law, it is the position of the Moving Defendants that the copyright infringement claim is barred by the three-year Copyright Act statute of limitations, as plaintiff admits that the Song was released in 1980 (and again in 1997, 1999, 2000 and 2001) – more than three years prior to the institution of the litigation.

4. The Moving Defendants also move to dismiss the complaint upon the ground that plaintiff admits that they obtained a license to utilize the Song from Mr. Keith, the composer of the music and a co-author of the Song. As explained in the accompanying memorandum the Moving Defendants cannot be held liable for copyright infringement, having obtained a license from a co-author of the Song.

5. As the complaint on its face does not state a claim arising under the Copyright Act, the Moving Defendants respectfully request an award of attorneys' fees under 17 U.S.C. §505.

I declare under penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true and correct.

Executed this 14th day of January, 2005.

_____/s/_____<br>
JAMES P. CINQUE (JPC-3673)