UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MARK ROBERTS,                                               04 CIV. 10079
                                                            (CSH)
                                                            ECF Case
                            Plaintiff,

    -against-

NATHANIEL THOMAS KEITH, ADMINISTRATOR
OF THE ESTATE OF NORMAN THOMAS KEITH,
a.k.a TOMMY KEITH, MOE MOORE, SUGARHILL
RECORDS, LTD., SUGAR HILL MUSIC
PUBLISHING LTD., GAMBI MUSIC, INC.,
TWENTY NINE BLACK MUSIC, SYLVIA
ROBINSON, JOSEPH ROBINSON, JR., RHINO
RECORDS, SANCTUARY RECORDS GROUP,
LTD., CASTEL MUSIC UK AND SEQUEL
RECORDS,

                            Defendants.

-------------------------------------------------------------------X

### DEFENDANTS' MEMORANDUM OF POINTS
### AND AUTHORITIES IN SUPPORT
### OF MOTION TO DISMISS

### PRELIMINARY STATEMENT

This memorandum of law is submitted by defendants Sugar Hill Records, Ltd., Sugar Hill Music Publishing, Ltd., Gambi Music, Inc., Twenty Nine Black Music, Sylvia Robinson and Joseph Robinson, Jr. (the "Moving Defendants") in support of their motion to dismiss the complaint.

1

## STATEMENT OF FACTS

In his complaint, plaintiff alleges that in 1976 and 1977 he "wrote lyrics" to a song entitled "Baby Let's Talk Now, Dance Later," that he sent these lyrics to Norman Keith in 1978, and that Mr. Keith added music and in 1980 persuaded a recording group known as "Ray, Goodman and Brown" to release the song for Sugar Hill Records under the title "Baby Let's Rap Now, Dance A Little Later" (the "Song"). The Song was released in 1980 and subsequently re-released in 1997, 1999, 2000 and 2001. Plaintiff alleges that he "copyrighted his original lyrics" to the Song in 1998, and does not allege that he composed the music to the Song. The Moving Defendants allegedly released the Song in 1980, claiming ownership of the publishing rights through a grant from Mr. Keith, the composer of the music. Plaintiff has sued the Moving Defendants for copyright infringement, claiming that he is a co-author of the Song, and has requested a declaratory judgment to that effect.

As explained in Point I below, it is the position of the Moving Defendants that the copyright infringement claim is barred by the three-year Copyright Act statute of limitations, as plaintiff admits that the Song was released in 1980 (and again in 1997, 1999, 2000 and 2001) – more than three years prior to the institution of the litigation.

As explained in Point II below, the Moving Defendants also move to

dismiss the complaint upon the ground that plaintiff admits that they obtained a license to utilize the Song from Mr. Keith, the composer of the music and a co-author of the Song. The Moving Defendants cannot be held liable for copyright infringement, having obtained a license from a co-author of the Song.

As the complaint on its face does not state a claim arising under the Copyright Act, the Moving Defendants respectfully request an award of attorneys' fees under 17 U.S.C. §505.

## POINT I

### PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

In his complaint plaintiff alleges that he wrote (complaint, ¶ 1) and copyrighted (complaint, ¶ 15) "original lyrics" to the Song. Plaintiff does not allege that he composed or copyrighted the music for the Song, and states that this was done by Norman Keith. The Song was recorded by a group called "Ray, Goodman and Brown" and released in 1980 (complaint, ¶ 11) and re-released in 1997, 1999, 2000 and 2001 (complaint, ¶ 12).

In his complaint for copyright infringement, plaintiff complains that "he is not credited as an author" on the Song (complaint, ¶ 67) and demands a declaratory judgment of ownership of the copyright in the Song (¶ 1 of "WHEREFORE" clause in complaint). It is clear that plaintiff's claim for

infringement is time-barred since the Copyright Act has a three year statute of limitations and plaintiff acknowledges that the Song was released in 1980, 1997, 1999, 2000 and 2001 – more than three years prior to the commencement of this action.

The relevant rules regarding the Copyright Act statute of limitations on a claim alleging co-authorship of a copyrighted work are set forth in <u>Dewan</u> v. <u>Blue Man Group Limited Partnership</u>, 73 F. Supp.2d 382, 386 (S.D.N.Y. 1999):

> Claims of co-authorship arise directly from the Copyright Act (the "Act"), 17 U.S.C. § 201(a), and are governed by the Act's statute of limitations clause, 17 U.S.C. § 507(b). Under 17 U.S.C. § 507(b), a claim arising from the Act must be filed within three years from the date that the claim accrues. A claim accrues "when a plaintiff knows or has reason to know of the injury upon which the claim is premised." *Stone v. Williams*, 970 F.2d 1043, 1048 (2d Cir. 1992). A plaintiff who fails to initiate a suit within the three-year limitations period is time-barred from seeking a declaration of copyright co-authorship rights and any remedies that would flow from such a declaration.

In <u>Dewan</u>, as in the case at bar, plaintiff sought "a declaratory judgment against all defendants that he is a co-author of certain compositions," <u>Id.</u> at 385, and the Court granted defendants' motion to dismiss on statute of limitations grounds since:

> From the facts alleged in the complaint, it is clear that Dewan was aware as early as the fall of 1991 of the facts and circumstances giving rise to a cause of action for co-authorship rights.... <u>Id</u>. at 386.

4

In the case at bar, plaintiff alleges release of the Song in 1980 and re-releases in 1997, 1999, 2000 and 2001. All of these releases were sales to the public and provided notice to plaintiff of his claim. In this regard, see Weber v. Geffen Records, Inc., 63 F. Supp.2nd 458, 465 (S.D.N.Y. 1999), which dismissed a claim alleging co-authorship of a musical composition on statute of limitations grounds, based upon the fact that the allegedly infringing songs "entered wide retail distribution in the United States and abroad" and "a reasonably diligent plaintiff would have discovered" them.

In Merchant v. Levy, 92 F.3d 51, 56-57 (2nd Cir. 1996), cert. denied, 519 U.S. 1109 (1997), the Second Circuit squarely held that all claims relating to copyright co-ownership and any remedies arising therefrom are governed by a three-year statute of limitations:

> We hold that plaintiffs claiming to be co-authors are time-barred three years after accrual of their claim from seeking a declaration of copyright co-ownership rights and any remedies that would flow from such a declaration. *See Zuill v. Shanahan*, 80 F.3d 1366, 1369 (9th Cir. 1996). Our conclusion promotes the principles of response integral to a properly functioning copyright market. Plaintiffs' suit is therefore barred by the statute of limitations...

Even if plaintiff alleged that he was the sole author of the Song,[1] his claims for infringement would be barred by the statute of limitations. In Barksdale v. Robinson,

---

[1] Plaintiff claims that he wrote only the lyrics, and not the music.

211 F.R.D. 240, 244 (S.D.N.Y. 2002), the plaintiff sought a declaration of sole ownership of copyrights in musical compositions, and the Court after citing Merchant, supra, noted:

> Courts in this district have extended this rule to parties, such as Barksdale, seeking a declaration of sole ownership. *See, e.g., Minder Music Ltd. v. Mellow Smoke Music Co.*, No. 98 Civ. 4496, 1999 WL 820575 (S.D.N.Y. Oct. 14, 1999); *Netzer v. Continuity Graphic Assocs.*, 963 F. Supp. 1308 (S.D.N.Y. 1997); *Aday v. Sony Music Entm't, Inc.*, 96 Civ. 0991, 1997 WL 598410 (S.D.N.Y. Sept. 25 1997).

See also, Fort Knox Music, Inc. v. Baptiste, 47 F. Supp.2d 481, 484 (S.D.N.Y. 1999):

> Thus, it is clear that Baptiste knew more than three years prior to the commencement of this action that plaintiffs and their predecessors-in-interest were crediting Khoury as co-author of "Sea of Love" notwithstanding Baptiste's claim to be sole author. Any action by Baptiste challenging plaintiffs' copyright rights in "Sea of Love" on the basis of his claimed sole authorship of the composition is thus necessarily time-barred.

As the Song was released more than three years prior to the commencement of this action (in fact, the song was originally released more than 20 years before the commencement of this action) plaintiff's copyright infringement claims are time-barred.

## POINT II

**THE MOVING DEFENDANTS CANNOT
BE INFRINGERS SINCE THEY HAVE
A LICENSE FROM A CO-OWNER**

Plaintiff alleges that he created and copyrighted the lyrics to the Song, whose music was provided by defendant Keith. As composer of the music, Keith is a joint owner of the copyright in the song and cannot be held liable for infringement. See, e.g.: Donna v. Dodd, Mead & Co., 374 F. Supp. 429, 430 (S.D.N.Y. 1974):

> It is settled law, which Donna does not dispute, that a joint owner of a copyright and his licensees cannot be liable to a co-owner for copyright infringement (see Edward B. Marks Music Corp. v. Jerry Vogel Music Co., ('Marks'), 140 F.2d 266 (2d Cir. 1944), since a copyright owner cannot infringe his own copyright (Richmond v. Weiner, 353 F.2d 41 (9th Cir. 1965) cert. denied, 384 U.S. 928, 86 S. Ct. 1447, 16 L.Ed.2d 531 (1966)).

See also: Picture Music, Inc. v. Bourne, Inc., 314 F. Supp. 640, 646 (S.D.N.Y. 1970), aff'd on other grounds, 457 F.2d 1213 (2nd Cir.), cert. denied, 409 U.S. 997 (1972): "a joint author cannot be held liable for copyright infringement to another joint owner."

As the moving defendants obtained a license from a co-owner of the copyright in the song (Keith) it is clear that they cannot be held liable for copyright infringement, as held in McKay v. CBS, Inc., 324 F.2d 762, 763 (2d Cir. 1963): "a license from a co-holder of a copyright immunizes the licensee from liability to the other co-holder for copyright infringement." See also, Barksdale, supra, 211 F.R.D. at 246:

> It follows that the [copyright infringement] Claims against Spirit One Music and Spirit Music Group must also fail. Their rights in the Compositions are derived originally from

> Robinson and thus the claims against them are dependent entirely upon resolution of the ownership dispute. As co-owner of the copyrights, Robinson would be free to license the rights to the Compositions to third parties, even without Barksdale's permission, since "[t]he only duty joint owners have with respect to their joint work is to account for profits."

Therefore, even if plaintiff's claims were not barred by the statute of limitations, they must nevertheless be dismissed since the moving defendants obtained a license to utilize the Song from a co-owner, the person who composed the music. Indeed, plaintiff alleges that he has only copyrighted the lyrics to the song.

## POINT III

### THE MOVING DEFENDANTS SHOULD BE AWARD ATTORNEYS' FEES

17 U.S.C. §505 permits the Court to "award a reasonable attorney's fee to the prevailing party as part of the costs." This statute is applicable to prevailing defendants, as held in Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994). As the complaint on its face fails to state a claim arising under the Copyright Act, the Moving Defendants should be awarded their attorneys' fees incurred in the defense of the action.

## CONCLUSION

For the foregoing reasons the motion to dismiss should in all respects be granted, and the Moving Defendants should be awarded the attorneys' fees incurred in the making

of this motion.

>Respectfully submitted,
>
>CINQUE & CINQUE, P. C.
>
>By:_____/s/_____
>     James P. Cinque (JPC-3673)
>Attorneys for Defendants Sugar Hill Records, Ltd., Sugar Hill Music Publishing, Ltd., Gambi Music, Inc., Twenty Nine Black Music, Sylvia Robinson and Joseph Robinson, Jr.
>845 Third Avenue, Suite 1400
>New York, New York 10022
>Telephone No.:   (212) 759-5515
>Telefax No.:     (212) 759-7737
>E-mail:          CINQUE845@aol.com