Helene M. Freeman (HF 3066)
DORSEY & WHITNEY LLP
250 Park Avenue
New York, NY 10177
(212) 415-9200

Attorneys for Defendants (sued herein as)
Sanctuary Records Group Ltd., Castle Music UK
and Sequel Records

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   04 CV 10079 (CSH)

MARK ROBERTS,

                        Plaintiff,

        -against-

NATHANIEL THOMAS KEITH,
ADMINISTRATOR OF THE ESTATE OF
NORMAN THOMAS KEITH, A/K/A TOMMY
KEITH, MOE MOORE, SUGARHILL RECORDS
LTD., SUGAR HILL MUSIC PUBLISHING LTD.,
GAMBI MUSIC INC., TWENTY NINE BLACK
MUSIC, SYLVIA ROBINSON, JOSEPH
ROBINSON JR., RHINO RECORDS, SANCTUARY
RECORDS GROUP LTD., CASTLE MUSIC UK
AND SEQUEL RECORDS,

                        Defendants.

------------------------------------------------------------X

## MEMORANDUM OF LAW

Defendant Sanctuary Records Group, Ltd. ("SRGL") submits this memorandum of law in support of its motion for judgment on the pleadings pursuant to Rule 12(c), Fed. R.

Civ. P. or in the alternative summary judgment pursuant to Fed. R. Civ. P. 56, dismissing the complaint on the ground that plaintiff cannot establish a claim for infringement under the United States Copyright Act against SRGL as a matter of law. Alternatively, SRGL suggests under Rule 12(h)(3) that the court lacks subject matter jurisdiction over the claims against SRGL.

As more fully set forth below, the United States Copyright Act has no extraterritorial application. The conduct alleged against SRGL—that it sold compact discs containing "Baby Let's Rap Now" in the United Kingdom and Europe—does not constitute copyright infringement under the laws of the United States.

## STATEMENT OF FACTS

A.  The Moving Defendant

This motion is made on behalf of the defendants identified in the complaint as SRGL, Castle Music UK and Sequel Records.[1] Defendant SRGL is a company organized and existing under the laws of the United Kingdom with its place of business in London, England. [Declaration of Tim Smith, ¶ 2 (hereinafter "Smith Dec.___] SRGL is the successor to Castle Music Limited, presumably the defendant identified in the complaint as Castle Music UK. SRGL merged with Castle Music Ltd. in June 2000. [Id., ¶ 3] Following the merger, Castle Music was a trademark used by SRGL for reissues of previously released sound recordings contained in the Castle Music Ltd. catalogue. [Id.,

---

[1] As described in SRGL's answer, filed March 27, 2006, SRGL has been incorrectly sued as three separate defendants, SRGL, Castle Music UK, and Sequel Records. Unless otherwise specified, each reference herein to SRGL also include the nominal defendants Castle Music UK and Sequel Records.

2

¶ 4] The defendant identified as Sequel Records is not a legal entity. Rather, it is a label used by SRGL for budget priced re-issues of previously released sound recordings. [Id., ¶ 5]

B. The Complaint

The complaint alleges that the plaintiff wrote the lyrics for a song he called "Baby Let's Dance Now, Talk Later" which he sent to an individual named Norman Thomas Keith in 1978. [Complaint, ¶¶ 1, 2] He claims that Mr. Keith created a recording entitled "Baby Let's Rap Now, Dance a Little Later" which Sugar Hill Records, Ltd. ("Sugar Hill") released in 1980. [Complaint ¶¶ 11, 12] Mr. Keith, who died in 1990, and defendant Moe Moore are credited with composing the musical composition "Baby Let's Rap Now." [Complaint ¶ 57] Plaintiff contends that the 1980 composition by Keith and Moore infringes his copyrighted song.

Plaintiff sues not only Keith and Moore (the "Copying Defendants"), but also Sugar Hill, which released the 1980 recording, Sylvia Robinson, the owner of Sugar Hill, Joseph Robinson, Jr., its president, as well as various music publishing companies allegedly controlled by them which own or administer the alleged infringing song copyright (the "Publishing Defendants"). [Complaint ¶¶ 23-33, 71-76] Rhino Records is sued on account of its 1999 re-release of the 1980 recording in the United States in a compilation entitled The Sugar Hill Records Story.

The complaint asserts claims against SRGL (along with its labels, Castle Music and Sequel Records) for direct copyright infringement and for contributing to the infringement of the Copying and Publishing Defendants. The sole factual allegations

3

against SRGL, upon which both the direct and contributory infringement claims are based, is that it re-released the 1980 recording of "Baby Let's Rap Now, Dance Later" in a compilation entitled Sugar Hill Street Soul in 2000 in the United Kingdom and in 2001 in Europe on the Sequel and Castle record labels. [Complaint, ¶¶ 61-63] The complaint is devoid of any allegation that SRGL, Castle Music, or Sequel Records sold or distributed the compilation Sugar Hill Street Soul in the United States or that it was manufactured by them in the United States. No such claim could be made.

SRGL has never sold Sugar Hill Street Soul within the United States or its territories. Its only sales are to customers outside of North America. [Smith Dec. ¶ 6] All the copies of Sugar Hill Street Soul sold by SRGL were manufactured in the United Kingdom. [Id. ¶ 7]

SRGL duly licensed the right to mechanically reproduce the musical compositions recorded in the Sugar Hill Street Soul compilation from the Mechanical Copyright Protection Society ("MCPS") in the United Kingdom. [Id. ¶ 8] It pays all mechanical royalties on account of its manufacture of records in the United Kingdom to MCPS pursuant to a longstanding industry-wide agreement between the record industry and British music publishers in conformity with English and European Union copyright laws and practices. [Id. ¶ 9] MCPS is solely responsible for the distribution of funds it collects to the proper copyright owners of the musical compositions. [Id. ¶ 10] In the United Kingdom, "Baby Let's Rap Now, Dance Later" is published by IQ Music Publishing Limited, a member of the MCPS. [Id. ¶ 11]

4

SRGL has no interest in the revenues, if any, generated by the copyright in the musical composition or in the proceeds realized by the other parties from their activities, if any. [Id. ¶ 12] SRGL does not sell records containing "Baby Let's Rap Now" for or on behalf of any other defendant. [Id. ¶ 13]SRGL has no interest in, relationship with or control over any other party to this action. [Id. ¶ 14]

Plaintiff invokes subject matter jurisdiction only under 28 U.S.C. §§ 1331 and 1338. The sole foundation for jurisdiction under both provisions is the Copyright Act. As more fully set forth below, the facts alleged against SRGL do not constitute copyright infringement under the U.S. Copyright Act, either directly or contributorily, as a matter of law. [Complaint ¶ 38]

## ARGUMENT

### THE CLAIMS ASSERTED AGAINST SANCTUARY RECORDS GROUP, LIMITED DO NOT STATE CLAIMS FOR RELIEF UNDER THE US COPYRIGHT ACT

A. <u>Standards Applied to Motion for Judgment on the Pleadings Pursuant to Rule 12(c)</u>

A defense of failure to state a claim may be raised in a Rule 12(c) motion for judgment on the pleadings. A motion under Rule 12(c) is treated as if it was a motion to dismiss under Rule 12(b)(6) and the same standards apply. *E.g., Patel v. Contemporary Classics of Beverly Hills*, 259 F. 3d 123 (2d Cir. 2001); *Leather v. Eyrck*, 180 F.3d 420, 423 n.2 (2d Cir. 1999); *Nat'l Assn. of Pharmaceutical Mfrs. v. Ayerst Labs*, 850 F.3d 904, 909 n.2 (2d Cir. 1988); *Seabrook v. City of New York*, 509 F. Support. 2d 393 399

(S.D.N.Y. 2007); *Bank of New York v. First Millennium, Inc.*, No. 06 Civ. 1388, 2008 WL 953619 (S.D.N.Y. April 8, 2008).

To survive a motion to dismiss, a complaint must set forth a factual basis for the claim "sufficient to raise the right to relief above the speculative level." *Bell Atlantic v. Twombly*, 127 S. Ct., 1955, 165 (2007). The facts pleaded must be sufficient to render the claim plausible. *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007).

While a district court ordinarily should take as true the allegations of a complaint, it need not accept unreasonable or unsupported inferences or conclusions of law. *E.g., Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996); *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994); *see also L'Europeenne de Banque v. La Republica de Venezuela*, 700 F. Supp. 114, 122 (S.D.N.Y. 1988) ("legal conclusions, deductions, or opinions couched as factual allegations are not given a presumption of truthfulness" on a motion to dismiss). A complaint which contains no facts to support its conclusory allegations should be dismissed. *Fieldcamp v. City of New York*, 242 F. Supp. 2d 388, 389 (S.D.N.Y. 2003); *See, e.g., Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002); *Straker v. Metropolitan Transit Auth.*, 333 F. Supp. 2d 91, 102 (E.D.N.Y. 2004) (holding that "a claim that does not contain any supporting factual allegations cannot withstand a Rule 12(b)(6) motion").

Judgment on the pleadings is appropriate if, from the pleadings, the moving party is entitled to judgment as a matter of law. *Burns Intern. Sec. Services, Inc. v. Int'l Union*, 47 F. 3d 14 (2d Cir. 1995).

B. Standard for Summary Judgment Under Rule 56

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *ProFitness Physical Therapy Ctr. v. Pro-Fit Orthopedic and Sports Physical Therapy P.C.*, 314 F.3d 62, 67 (2d Cir. 2002); *Nora Beverages, Inc. v. Perrier Group of America, Inc.*, 269 F.3d 114, 118 (2d Cir. 2001). The party opposing a motion for summary judgment must come forward with some *admissible* proof that would require a trial of the material questions of fact on which its claims rest. *Delaware & Hudson Ry. Co. v. Consol. Rail Corp.*, 902 F.2d 174, 177-78 (2d Cir. 1990); *Donnelly v. Guion*, 467 F.2d 290, 293 (2d Cir. 1972). Rule 56 requires entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

Here, based on the applicable law and the facts, it is apparent that plaintiff does not have a claim against SRGL for violation of the U. S. Copyright Act.

C. The U.S. Copyright Act has No Extra-territorial Effect

It has long been established that the United States Copyright Act has no extraterritorial application. *E.g., Subafilms Ltd. v. MGM-Pathe Communications Co.*, 24 F.3d 1088 (9th Cir. 1994) *(en banc)*; *Update Art, Inc. v. Modiin Publishing Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988); *Film Video Releasing Corp. v. Hastings*, 668 F.2d 91, 93-94 (2d Cir. 1981); *Robert Stigwood Group, Ltd. v. O'Reilly*, 530 F.2d 1096, 1100-01 (2d Cir.), *cert. denied*, 429 U.S. 848 (1976); *Shaw v. Rizzoli International Publications, Inc.*, No.

7

96 Civ. 4259 (JGK), 1999 WL 160084, *3-4 (S.D.N.Y. Mar. 23, 1999); *Fun-Damental Too, Ltd. v. Gemmy Industries Corp.*, 96 Civ. 1103 (MGM), 1996 WL 724734, *4-6 (S.D.N.Y. Dec. 17, 1996); *De Bardossy v. Puski*, 763 F. Supp. 1239, __ (S.D.N.Y. 1991). Under these authorities, to state a claim for copyright infringement against a defendant, the defendant must have committed an act *within the United States* violating one of the plaintiff's exclusive rights under Section 106 of the Copyright Act.[2]

The law is clear that no recovery may be had under United States copyright law absent an infringing reproduction by the defendant in the United States. *Update Art, Inc., supra*; *Robert Stigwood Group, Ltd., supra*. Where a defendant has not reproduced, distributed or performed a work within the United States, there is no violation of any right arising under Section 106, and, therefore, no claim for infringement under the Act. *E.g., Subafilms, Ltd.; Update Art, Inc., DeBardossy; Fun-Damental Too, Ltd.*

This simple requirement dooms Plaintiff's claims against SRGL. Plaintiff fails to allege any reproduction, distribution, or performance by SRGL (or its two labels) in the

---

[2] The Second Circuit has considered the question of extra-territorial application of the U. S. Copyright Act to be a matter affecting the subject matter jurisdiction of the Court. *Update Art, supra*. Alternatively, the United States Court of Appeals for the Federal Circuit held that the extra-territorial reach of the Copyright Act is a matter more properly considered an essential element of a claim for copyright infringement and addressed as a failure to state a claim. *Litecubes, LLC. v. Northern Light Products, Inc.*, 523 F.3d 1353, 1367-68 (Fed. Cir. 2008). Where the basis for subject matter jurisdiction is also an essential element of a claim for relief under a federal statute, the two questions are often conflated. *See, Arbaugh v. Y. H. Corporation*, 546 U.S. 500 (2006); *Carlson v. Principal Financial Group*, 320 F.3d 301, 305-06. In light of the Second Circuit authorities, this Court may elect to treat this motion as a suggestion that the Court lacks subject matter jurisdiction of the claims against SRGL under Rule 12(h)(3), Fed. R. Civ. P.

United States. Rather, the sole allegation of the complaint is that SRGL, Sequel Records, and Castle Music re-released the 20-year old recording in *the United Kingdom and in Europe*. SRGL's activities in the United Kingdom and Europe are governed by the laws of the United Kingdom and European Union and not those of the United States. Therefore, under well-established law, no direct infringement claim is stated against SRGL or its labels under the U.S. Copyright Act.

Nor is there any basis upon which SRGL could be found to be liable as a contributor to any infringement alleged by the so-called Copying or Publishing Defendants. To establish contributory infringement, plaintiff must establish that there was an act of direct copyright infringement within the United States, that SRGL knew of the copyright infringement and that SRGL knowingly induced, caused or materially contributed to the act of direct infringement. *Metro-Goldwyn-Mayer Studios v. Grokster, Ltd.*, 545 U.S. 913, 930-31 (2005); *Faulkner v. Nat'l Geographic Enterprises, Inc.*, 409 F.3d 26, 40 (2d Cir. 2005); (quoting *Gershwin Publishing Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)). Knowledge and participation "are the touchstones of contributory infringement." *Demetriades v. Kaufman*, 690 F. Supp. 289, 293 (S.D.N.Y. 1988).

The complaint does not allege any activity by SRGL from which it could be found to have induced, caused or materially contributed to the acts asserted to be infringing by any other defendant in the United States. To the contrary, the sole factual basis for the claim of contributory infringement is the distribution by SRGL and its labels in the

9

United Kingdom and Europe of a recording alleged to reproduce the plaintiff's work. [Complaint, ¶¶ 61-63]

Furthermore, the complaint does not allege that SRGL had any knowledge of the infringement of the plaintiff's composition by any other party, assuming *arguendo* that there was such infringement. Indeed, the allegations of the complaint foreclose any plausible inference of knowledge. The complaint alleges that Keith and Moore, not plaintiff, have at all times been credited as the songwriters of the composition from the outset in 1980. Since even plaintiff was not aware of the claimed infringement, there is no basis upon which SRGL could be found to have had knowledge of the infringement. [Complaint ¶ 57]

As there can be no plausible factual basis upon which SRGL can be found to have knowingly induced, caused or contributed to any acts of direct infringement allegedly by committed by any other defendant in the United States, no claim against SRGL under the Copyright Act on a theory of contributory infringement exists. *See Livna tv. Shai Bar Lavi,* No. 96 Civ. 4967, 1998 WL 43221 (S.D.N.Y. Feb. 2, 1998).

## **CONCLUSION**

For all the foregoing reasons, the motion by defendant Sanctuary Records Group, Limited to dismiss the action against it for lack of subject matter jurisdiction should be granted in all respects.

Dated: New York, New York
March 5, 2009

Respectfully Submitted,

DORSEY & WHITNEY LLP

By: *Helene M. Freeman*
Helene M. Freeman (HF 3066)
Attorneys for Defendants (sued herein as)
Sanctuary Records Group Ltd., Castle
Music UK and Sequel Records

250 Park Avenue
New York, NY 10177
(212) 415-9200

TO: SULLIVAN & CROMWELL LLP
Tracy High
125 Broad Street
New York, NY 10004-2498
(212) 558-3985

Attorneys for Plaintiff