USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/10/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

MARK ROBERTS,

                Plaintiff,

            -against-

NATHANIEL THOMAS KEITH, etal,

                Defendants.
------------------------------------------------------X

04 Civ. 10079 (CSH)

**MEMORANDUM OPINION AND ORDER**

Haight, Senior District Judge:

In an opinion reported at 2007 WL 2712853 (S.D.N.Y. Sept. 18, 2007), which granted the motion of Defendant Nathaniel Thomas Keith to vacate the default judgment previously entered against him, the Court also directed Plaintiff Mark Roberts to respond to Defendant's objection to the venue of this copyright infringement action (the Court construing Defendant's *pro se* submissions as an objection to venue in this district). The background of the case is set forth more fully in an opinion reported at 2006 WL 547252 (S.D.N.Y. March 7, 2006), familiarity with which is assumed..

Plaintiff has filed and served a brief in support of the venue, to which Defendant has not responded. The Court is satisfied that the release and offering for sale of the allegedly infringing songs in New York are sufficient to establish personal jurisdiction over Defendant pursuant to the New York long arm statute, N.Y CPLR § 302(a)(2). *See, e.g., Editorial Musical Latino Americana, S.A. v. Mar International Records, Inc.*, 829 F.Supp. 62, 64 (S.D.N.Y. 1993) ("Offering one copy of an infringing work for sale in New York, even where there is no actual sale, constitutes

1

commission of a tortious act within the state sufficient to imbue this Court with personal jurisdiction over the infringers.") (citation omitted). It follows that venue is properly lodged in this district. 28 U.S.C. § 1400(a) provides that an action for copyright infringement "may be instituted in the district in which the defendant or his agent resides *or may be found*." (emphasis added). For purposes of that statute, "[a] defendant 'may be found' in any district in which he is subject to personal jurisdiction." *Lipton v. The Nature Company*, 781 F.Supp. 1032, 1035 (S.D.N.Y. 1992) (citation omitted).

For the foregoing reasons, and construing Plaintiff's submissions as a motion to dismiss the complaint for improper venue, Plaintiff's motion is DENIED.

It is SO ORDERED.

Dated: New York, New York
       March 10, 2009

_____
CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE